UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Tammy Lynn Figuera,<br>        Debtor,<br>_____<br>Tammy Lynn Figuera,<br>        Appellant,<br>   v.<br>Jesbir Brar,<br>        Appellee. | No.  2:14-cv-00863-GEB<br><br>BK Case No.  14-21730-A-7<br><br>**DISMISSAL ORDER** |

        Appellant Tammy Lynn Figuera ("Appellant") filed a Notice of Bankruptcy Appeal on March 26, 2014. (Notice of Bankruptcy Appeal 7, ECF No. 1.) Appellee subsequently elected to have this Court decide the appeal; therefore, the appeal was transferred from the Ninth Circuit Bankruptcy Appellate Panel to this Court on April 7, 2014. (Id. at 1-4.)

        On April 9, 2014, the Clerk's Office notified Appellant the "next step in prosecuting [her] appeal is compliance with F.R.B.P. 8006 and 8007[, which] require the appellant to file within 14 days a designation of record, statement of issues on appeal[,] and a notice regarding the ordering of transcripts with

the bankruptcy court." (Opening Letter, ECF No. 2 (emphasis omitted).)

Appellant filed a motion in this Court on April 23, 2014, which was construed as a request to extend time under Federal Rules of Bankruptcy Procedure ("Rules") 9001(b) to file a designation of record and statement of issues on appeal. (Appellant's Mot., ECF No. 3.) That request was denied without prejudice on April 29, 2014, since it "should [have] be[en] filed in the bankruptcy court." (Order 2:1-3, ECF No. 4.)

There was no further activity concerning the appeal in this Court. Further, a "Notice of Incomplete or Delayed Record to District Court Re: Bankruptcy Cases" was received from the bankruptcy court on July 23, 2014, which states Appellant has not filed in the bankruptcy court a designation of record, statement of issues, reporter's transcript, or notice regarding the transcript. (ECF No. 5.) The July 23, 2014 Notice further states Appellant has not paid her filing fee. (Id.)

Therefore, Appellant was Ordered to Show Cause ("OSC") in a writing to be filed in this Court no later than August 18, 2014, why her bankruptcy appeal should not be dismissed under Federal Rule of Civil Procedure 41(b) for her failure to prosecute and/or comply with the Federal Rules of Civil and Bankruptcy Procedure. (OSC, ECF No. 6.)

Appellant has not responded to the OSC. Therefore, the Court considers whether this action should be dismissed under Rule 41(b) for failure to prosecute. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

> In determining whether to dismiss a[n appeal] for failure to prosecute . . . , the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [Appellee]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The first and second factors weigh in favor of dismissal here because Appellant's failure to prosecute her appeal has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . .").

The third factor concerning the risk of prejudice to Appellee considers the strength of Appellant's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 (indicating "the risk of prejudice" is related to Appellant's reason for failing to prosecute). Since Appellant has provided no reason for her failure to prosecute her appeal, the third factor also favors dismissal.

The fourth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal of the appeal. Id. at 643 ("Public policy favors disposition of cases on the merits.").

         The fifth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Appellant failed to respond to the OSC despite the warning that her appeal could be dismissed as a result. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

         Since the balance of the factors strongly favors dismissal of this appeal, Appellant's appeal is dismissed. The Clerk of the Court shall close this action.

Dated: September 4, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge